**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

SCORPCAST, LLC dba HAULSTARS,

        Plaintiff,

   v.

MG FREESITES, LTD,

        Defendants.

**Case No.: 6:20-CV-00877-ADA**

**JURY TRIAL DEMANDED**

**MG FREESITES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6) OR, IN THE ALTERNATIVE,
<u>FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)</u>**

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................. 1

II.    APPLICABLE LAW .......................................................................................... 2

    A.    Rule 12(b)(6) Standard ........................................................................ 2

    B.    Rule 12(e) Standard ............................................................................ 3

    C.    Indirect Infringement ......................................................................... 3

    D.    Willful Infringement .......................................................................... 4

III.   ARGUMENT ..................................................................................................... 5

    A.    This Court Should Dismiss Scorpcast's Allegations of Direct Infringement ......... 5

        1.    Scorpcast's direct infringement allegations should be dismissed for failing to plead that any accused website satisfies all elements of the asserted claims ................................................. 5

        2.    Scorpcast's direct infringement allegations should be dismissed for failing to plead facts that would satisfy all elements of the asserted claims ................................................. 9

        3.    Scorpcast's direct infringement allegations based on an "offer to sell" should be dismissed as an advertisement is not an offer to sell ........................................................................ 12

    B.    This Court Should Dismiss Scorpcast's Allegations of Indirect Infringement ..... 13

        1.    Scorpcast's indirect infringement allegations should be dismissed for failing to identify which websites are accused of infringement ......................................................................... 13

        2.    Scorpcast's indirect infringement allegations should be dismissed for failing to sufficiently plead direct infringement by a third-party ......................................................................... 14

        3.    Scorpcast's pre-suit indirect infringement allegations should be dismissed for failing to sufficiently plead pre-suit knowledge of the Asserted Patents ............................................ 17

    C.    This Court Should Dismiss Scorpcast's Allegations of Willful Infringement ..... 18

1.     Scorpcast's pre-suit willful infringement allegations should be dismissed for failing to sufficiently plead pre-suit knowledge of the Asserted Patents ............................................................ 18

2.     Scorpcast's post-suit willful infringement allegations should be dismissed for failing to sufficiently plead direct infringement ................................................................................................ 19

D.     Scorpcast's Indirect and Willful Infringement Allegations Cannot be Supported by Empty Boilerplate Language .............................................................................. 19

E.     If the Court Is Not Inclined to Dismiss Scorpcast's Complaint, Scorpcast Should be Ordered to Provide a More Definite Statement Under Rule 12(e) ....................... 20

IV.    CONCLUSION.......................................................................................................... 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter,*
    620 F. App'x 934 (Fed. Cir. 2015) ................................................................13, 14

*Artrip v. Ball Corp.,*
    735 F. App'x 708 (Fed. Cir. 2018) ...............................................................14

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).......................................................................... *passim*

*Beanal v. Freeport McMoran, Inc.,*
    197 F.3d 161 (5th Cir. 1999) ..........................................................................3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).......................................................................... *passim*

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012).....................................................................4, 19

*BMC Res., Inc. v. Paymentech, L.P.,*
    498 F.3d 1373 (Fed. Cir. 2007), *overruled on other grounds by Akamai*
    *Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012).............................15

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.,*
    631 F.3d 1279 (Fed. Cir. 2011).....................................................................8, 15

*Commil USA, LLC v. Cisco Sys., Inc.,*
    135 S. Ct. 1920 (2015).....................................................................................17

*De La Vega v. Microsoft Corp.,*
    No. W-19-cv-612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...................3, 10, 11

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
    888 F.3d 1256 (Fed. Cir. 2018)......................................................................13

*Engate, Inc. v. Esquire Deposition Servs., LLC,*
    No. 1:01-cv-6204, 2003 WL 22117805 (N.D. Ill. Sept. 8, 2003), *aff'd*, 208 F.
    App'x 946 (Fed. Cir. 2006) ...........................................................................12

*Estech Sys., Inc. v. Oliver Street Dermatology Mgmt., LLC,*
    No. 2:20-cv-00311, Dkt. 1 (E.D. Tex. Sept. 21, 2020)...........................................19

*Estech Sys., Inc. v. Regions Fin. Corp.,*
    No. 6:20-cv-322-ADA, 2020 WL 6324321 (W.D. Tex. Oct. 28, 2020)......................... *passim*

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011).............................................................................................4, 17

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)...................................................................................................4

*i2 Techs., Inc. v. Oracle Corp.*,
    No. 6:09-cv-194, 2010 WL 8669837 (E.D. Tex. Mar. 29, 2010) .....................................14, 20

*Inhale, Inc. v. Gravitron, LLC*,
    No. 1:18-cv-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ...............................4, 18

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
    870 F.3d 1320 (Fed. Cir. 2017).....................................................................................3

*Joao Control & Control Monitoring Sys., LLC v. Protect Am., Inc.*,
    No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ...................................11

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013).......................................................................................11

*Klauber v. City of Sarasota*,
    235 F. Supp. 2d 1263 (M.D. Fla. 2002), *aff'd*, 350 F.3d 1301 (11th Cir. 2003) ......................9

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014)...................................................................................3, 4, 14, 17

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)............................18, 19

*Monec Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)................................................................................19

*Nonend Inventions, N.V. v. Apple. Inc.*,
    No. 2:15-cv-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016),
    *report and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30,
    2016).............................................................................................................................18

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012) .........................11

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
    215 F.3d 1246 (Fed. Cir. 2000).......................................................................................12

*Smith v. Garlock Equip. Co.*,
    658 F. App'x 1017 (Fed. Cir. 2016) .................................................................................12

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506 (2002)..................................................................................3, 20

*T-Rex Prop. AB v. Regal Entm't Grp.,*
    No. 6:16-cv-927-RWS-KNM, 2017 WL 4229372 (E.D. Tex. Aug. 31, 2017) ......................19

*Taylor v. Books A Million, Inc.,*
    296 F. 3d 376 (5th Cir. 2002) ..................................................................20

*Techno View IP, Inc. v. Sony Interactive Entm't LLC,*
    No. SACV 17-01268-CJC, 2018 WL 3031518 (C.D. Cal. Apr. 18, 2018) ......................17

*Vega v. Maxim Integrated Prods., Inc.,*
    No. 5:15-cv-1138-DAE, 2016 WL 9450607 (W.D. Tex. Jun. 14, 2016) ..........................2

*Vita-Mix Corp. v. Basic Holding, Inc.,*
    581 F.3d 1317 (Fed. Cir. 2009)..................................................................4

*VLSI Tech., LLC v. Intel Corp.,*
    No. 6:19-cv-254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ....................17, 18

*WBIP, LLC v. Kohler Co.,*
    829 F.3d 1317 (Fed. Cir. 2016)..................................................................4

*WesternGeco L.L.C. v. Ion Geophysical Corp.,*
    776 F. Supp. 2d 342 (S.D. Tex. 2011) ..........................................................20

**Statutes**

35 U.S.C. § 271(a) ..........................................................................8, 12, 17

35 U.S.C. § 271(b) ....................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)..............................................................................2

Fed. R. Civ. P. 12(b)(6)..........................................................................2, 20

Fed. R. Civ. P. 12(e) .............................................................................2, 3, 20

## I.      INTRODUCTION

Scorpcast, LLC dba HaulStars ("Scorpcast") alleges that Defendant MG Freesites, Ltd ("MG Freesites") has directly, indirectly, and willfully infringed U.S. Patent Nos. 9,899,063 ("the '063 Patent"); 8,595,057 ("the '057 Patent"); 9,703,463 ("the '463 Patent"); 9,832,519 ("the '519 Patent"); 10,205,987 ("the '987 Patent"); 10,354,288 ("the '288 Patent"); 10,506,278 ("the '278 Patent"); and 10,560,738 ("the '738 Patent") (collectively, "the Asserted Patents").[1]

While the present case has just begun, this controversy is a second volley from Scorpcast. Scorpcast filed eighteen cases against MG Freesites' content partners in the Eastern District of Texas in June alleging infringement of U.S. Patent No. 9,965,780 ("the '780 Patent").  *See* Case Nos. 2:20-cv-00192-193 and 195-210.  When MG Freesites filed a declaratory judgment action in July in the District of Delaware on the same '780 Patent (Case No. 1:20-cv-01012), Scorpcast responded with this case.

The Asserted Patents are in two patent families.  Six of the Asserted Patents are related to the '780 Patent and concern tagging videos (the '063 Patent, the '463 Patent, the '519 Patent, the '987 Patent, the '278 Patent, and the '738 Patent) (collectively, "the Tagging Patents").  The other two Asserted Patents concern apportioning revenue or services (the '057 Patent and the '288 Patent) (collectively, "the Apportioning Patents").  The asserted claims of the Asserted Patents all include generic hardware elements with a long litany of software elements.  For the Tagging Patents, the software elements purportedly relate to uploading a video, tagging the video, storing the tags, viewing the video, causing the tags to be presented, and selecting the tags.  For the Apportioning Patents, the software elements purportedly relate to providing online users with access to media, tracking views or obtaining feedback on the media, making offers of revenue or

---

[1] The Asserted Patents are attached to Scorpcast's Complaint as Exhibits A-H.  Dkt. 1-1 to 1-8.

services, and performing certain actions if the offer is accepted.

Scorpcast's Complaint is deficient for several reasons.  The Complaint improperly summarizes the numerous claimed software elements in a peremptory manner, and in the process completely ignores certain claim elements, making it impossible to understand Scorpcast's infringement allegations.  *See, e.g.*, Dkt. 1 at ¶ 140 ("Those operations cause the claimed system to . . . process the video in specific ways.").  Scorpcast never attempts to tie any of the factual allegations contained in the Complaint to any of the claimed software elements, leaving MG Freesites to guess how the factual allegations relate to the claim elements, if at all.  Additionally, although Scorpcast accuses several adult websites operated by MG Freesites of infringement, Scorpcast does not explain which websites are accused of infringing which claims or how infringement is alleged to occur in each website.  Because these issues pervade each Count of infringement, MG Freesites has no notice of what it must defend.

For these reasons each charge of infringement fails as a matter of law and is not supported by sufficient plausible factual allegations as required by Federal Rule of Civil Procedure 8(a)(2) or *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  MG Freesites moves to dismiss the Complaint under Rule 12(b)(6) or, in the alternative, moves for a more definite statement under Rule 12(e).

## II.    APPLICABLE LAW

### A.  Rule 12(b)(6) Standard

A plaintiff must allege and provide factual support for every element of the asserted claims. *See Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678.  Since the abrogation of Form 18, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support an assertion of direct infringement.  *Vega v. Maxim Integrated Prods., Inc.*, No. 5:15-cv-1138-DAE, 2016 WL 9450607, at *2-3 (W.D. Tex. June 14, 2016).  While the Court will accept well-pled

facts as true, and view those facts in the light most favorable to plaintiff, the Court ***need not accept*** as true a complaint's conclusory or contradicted allegations. *See De La Vega v. Microsoft Corp.*, No. W-19-cv-612-ADA, 2020 WL 3528411, at \*2 (W.D. Tex. Feb. 11, 2020).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Pleadings "that offer[] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B.  Rule 12(e) Standard

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."); *Estech Sys., Inc. v. Regions Fin. Corp.*, No. 6:20-cv-322-ADA, 2020 WL 6324321, at \*2 (W.D. Tex. Oct. 28, 2020).

### C.  Indirect Infringement

"[A] finding of direct infringement is a predicate to any finding of indirect infringement." *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1322 (Fed. Cir. 2017). The Supreme Court has made clear, "our case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'" *Limelight Networks, Inc. v. Akamai Techs.,*

*Inc.*, 572 U.S. 915, 921 (2014) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)).

A claim for induced infringement under 35 U.S.C. § 271(b) must include "a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-cv-762-LY, 2018 WL 7324886, at \*3 (W.D. Tex. Dec. 10, 2018).  To be liable for induced infringement, the defendant must "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

### D.  Willful Infringement

A claim for willful patent infringement must allege that infringement was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).  "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932.  Willful infringement requires knowledge of the allegedly infringed patent, and that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. at 1930; *see also id.* at 1933 ("culpability is generally measured against the knowledge of the actor"); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."); *Inhale*, 2018 WL 7324886, at \*3 (dismissing willfulness claim for failure "to allege facts raising a reasonable inference of pre-suit knowledge" of the patent-in-suit).

III.    **ARGUMENT**

> **A.  This Court Should Dismiss Scorpcast's Allegations of Direct Infringement**
>
> > **1.  Scorpcast's direct infringement allegations should be dismissed for failing to plead that any accused website satisfies all elements of the asserted claims**

Scorpcast's Complaint fails to plausibly allege direct infringement under *Iqbal/Twombly* because it ignores elements of the asserted claims and never pleads facts for those elements, leaving MG Freesites without notice of what it must defend.  *Estech*, 2020 WL 6324321, at *2 (citing *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-cv-01074-K, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018)).  "A plaintiff must provide enough information for the defendants to identify the accused products and how they infringe on the asserted patent."  *Id.* (citing *Chinsammy v. United States*, 95 Fed. Cl. 21, 23 (2010) (ordering a plaintiff to file a more definite statement stating "specifically how the [defendant] infringed upon his patent . . . and the specific basis for the damages sought")).

The asserted claims from each Asserted Patent generally follow the same format in which the claim comprises numerous software elements performed by generic hardware.  For the Tagging Patents the asserted claims recite generic hardware elements such as a processor, a networking interface, and a non-transitory memory.  But the claims mostly comprise programmatic code that is executed by the processor to purportedly perform tasks such as uploading and tagging videos and viewing tagged videos and selecting tags.  For the Apportioning Patents, the asserted claims recite generic hardware elements such as a non-transitory memory or a processing device, but the claims mostly comprise software executed by the processor to purportedly perform tasks such as providing online users with access to media, tracking views or obtaining feedback on the media, making offers of revenue or services, and performing certain actions if the offer is accepted.  Claim 9 of the '063 Patent (an exemplary Tagging Patent) is listed below and the claimed software

elements are underlined:

> A system for controlling playback of video files, comprising:
>
> > at least one processing device;
> >
> > a network interface configured to communicate over a network with a video data store;
> >
> > non-transitory memory storing programmatic code that when executed by the at least one processing device, cause the system to perform operations comprising:
> >
> > > receive, over a network using the network interface, a first video;
> > >
> > > store an association of a given image in a first plurality of images with a respective segment in a first plurality of segments of the first video, the first plurality of images comprising:
> > >
> > > > a first image associated with a first segment of the first video; and
> > > >
> > > > a second image associated with a second segment of the first video, wherein the first image and the second image are not an image from the first video;
> > >
> > > cause at least the first image and the second image to be displayed on a first user device at the same time in association with a playback of the first video, for at least a portion of the time the first video is being played back in a playback area of a content player,
> > >
> > > wherein the first image and the second image, associated with respective first and second segments in the first video, are displayed at the same time in the playback area, overlaying the playback of the first video, and the display of the first image and the second image are changed during playback of the second segment, relative to the display of the first image and the second image during playback of the first segment;
> > >
> > > cause a first navigation event to occur at least partly in response to a detection that a user has selected the first image, the first image associated with the first segment and displayed at the same time as the second image in the playback area overlaying the playback of the first video;
> > >
> > > cause a second navigation event to occur at least partly in response to a detection that a user has selected the second image, the second image associated with the second segment and displayed at the same time as the first image in the playback area overlaying the playback of the first video.

Each Count in the Complaint for direct infringement suffers from the same deficiency.  In

summarizing the asserted claims, Scorpcast leaves out or elides over each asserted claim's software elements.  For example, Scorpcast summarily addresses all of the software elements from claim 9 of the '063 Patent in a single sentence (as shown in underline below):

> The '063 Patent describes a system for generating interactive videos. The claims of the '063 Patent are not directed to an abstract idea. For example, claim 9 of the '063 Patent recites hardware components of a system, including a processing device, a network interface configured to communicate over a network with a video data store, and a non-transitory memory storing programmatic code that when executed by the at least one processing device causes the system to perform a series of operations. <u>Those operations cause the claimed system to receive video, process the video in specific ways, and enable navigation events to occur during playback of the video in response to a user selection.</u> Taken as a whole, the claimed inventions of the '063 Patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components performing an inventive series of operations that improve upon the functionality of interactive video content.

Dkt. 1 at ¶ 140 (emphasis added).  Scorpcast ignores lines and lines of claim language relating to the numerous software elements, stating only that the system "process[es] the video ***in specific ways***, and enable[s] navigation events to occur."  *Id.* (emphasis added).  But it is precisely the "specific ways" in which the software operates—which Scorpcast does not identify or explain— that are at issue in this case.  By not providing any description or explanation of these software elements, Scorpcast provides no notice of how direct infringement is alleged to occur.

While the above focused on the '063 Patent, Scorpcast's allegations for the other seven Asserted Patents suffer from similar deficiencies.  For example: for the '057 Patent, Scorpcast abridges the software limitations, leaving out important details.  *Id.* at ¶ 159.  For the '463 Patent, Scorpcast skips over the software elements by instead stating "[t]he system processes the video and images in specific ways."  *Id.* at ¶ 173.  For the '519 Patent, '987 Patent, and '288 Patent, the asserted claims are very long (nearly or greater than an entire column in length) but Scorpcast only hints at a few of the claimed software operations the system must perform.  *Id.* at ¶¶ 187, 201, and 215.  For the '278 Patent and '738 Patent, Scorpcast skips over the software elements by instead

stating the system "process[es] the video, image, and text in specific ways." *Id.* at ¶¶ 229 and 244. *See* Ex. 1[2] for a listing of the asserted claims from these seven Asserted Patents and the corresponding claim summaries from the Complaint in which the respective claimed software elements and Scorpcast's summary of those software elements are underlined for comparison.

Because Scorpcast has not attempted to address the asserted claims' software elements, it has undisputedly failed to plausibly allege direct infringement, which requires alleging facts and connecting those alleged facts to each and every element of the claims. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) ("In order to 'make' the system under § 271(a), [Defendant] would need to combine all of the claim elements."); *Estech*, 2020 WL 6324321, at *2 ("[T]he pleading standards established by *Twombly* and *Iqbal* require a plausible inference that an accused device meets all of the limitations of the asserted claims.").

Further, formulaic recitations, such as, for example, "Defendant directly infringes (literally and/or under the doctrine of equivalents) at least claim 9 of the '063 Patent by making, using, selling, and/or offering for sale its Video Playback System" (Dkt. 1 at ¶ 142; *see also id.* at ¶¶ 161, 175, 189, 203, 217, 231, and 246), are deficient and fail to meet the notice pleading standard for patent infringement. *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do."). Further, this recitation does not provide notice of which of the accused websites is alleged to infringe or why.

The Complaint does not sufficiently plead that all elements of the asserted claims are met by any accused website and therefore Scorpcast's allegations of direct infringement should, respectfully, be dismissed.

---

[2] Unless indicated otherwise, "Ex. __" refers to an exhibit to the Declaration of Jonathan M. Sharret submitted herewith.

**2.   Scorpcast's direct infringement allegations should be dismissed for failing to plead facts that would satisfy all elements of the asserted claims**

Scorpcast's Complaint should also be dismissed because it fails to include factual allegations for each and every element of the asserted claims.  An initial problem with Scorpcast's Complaint is that all factual allegations are contained up front, in sections that do not directly relate to any particular Asserted Patent or asserted claim.   Dkt. 1 at ¶¶ 27-32 ("MG Freesites' Pornographic Tube Site Business"), 33-63 ("The Content Partner Program"), 64-86 ("The Model Program"), 87-113 ("Defendant's Video Playback System"), and 114-137 ("Defendant's Offers of Interactive Pornography for Sale").  Scorpcast never attempts to tie any of these allegations to any specific element of any asserted claim, leaving MG Freesites to guess at Scorpcast's theories of infringement.  But, "[i]t is neither Defendants', nor this Court's, duty to play hide-and-seek with claims that Plaintiff claims might be hidden somewhere within Plaintiff's Complaint."  *Klauber v. City of Sarasota*, 235 F. Supp. 2d 1263, 1269 (M.D. Fla. 2002), *aff'd*, 350 F.3d 1301 (11th Cir. 2003).  Because Scorpcast does not explain how its allegations relate to the elements of the asserted claims, MG Freesites is without notice as to what it must defend and is left to guess at Scorpcast's charges of infringement.  *Twombly*, 550 US at 555.

But even an exhaustive search of the Complaint that attempts to piece together Scorpcast's allegations will not reveal any theory as to how each asserted claim is satisfied by any accused website (let alone how each individual website is alleged to infringe)—the Complaint simply fails to plead any factual allegations for the majority of claim elements.  For example, claim 9 of the '063 Patent requires at least "wherein *the first image and the second image, associated with respective first and second segments in the first video, are displayed at the same time in the playback area, overlaying the playback of the first video*, and the display of the first image and the second image are changed during playback of the second segment, relative to the display of the

first image and the second image during playback of the first segment." The only allegation made that relates to the italicized claim language is in a section relating to "Life Selector" (Dkt. 1 at ¶¶ 114-137), but Life Selector is alleged to be a third-party website not operated by MG Freesites or under its control. *Id.* at ¶ 117 ("Life Selector is a Content Partner of Defendant"). As to the underlined claim language, the Complaint is silent and alleges nothing.

Additional examples abound with respect to the other Asserted Patents. For example: for the '057 Patent ("presenting a revenue participation offer," "delivering advertisement content," "calculating an advertisement score," and "apportioning revenue"), for the '463 Patent ("receiving over the network," "causing the first plurality of images," "wherein the first plurality," and "at least partly in response"), for the '519 Patent ("the user interface enables," "receive an association of a link," "automatically display," "[] navigation image is associated with a [] link," and "a respective link"), for the '987 Patent ("provide at least one of an upload," "add a link," "an upload of or a link," "a first link," "store the upload," "enable the first user to define," "receive from the first user," etc.), for the '288 Patent ("enable users to communicate using a [VOIP] communication mechanism," "provide a custom radio station," "provide a search engine," "synchronize," "track a number," "dynamically generate an offer," etc.), for the '278 Patent ("provide at least one of an upload," "add a link," "an upload indication," "a first link," "the upload of or the link," etc.), and for the '738 Patent ("provide at least one of an upload indication for or a link to an image," "add a link to a destination," "a received link to a [] destination," and "a respective destination link"). *See* Ex. 2 in which claim elements for which Scorpcast has made no factual allegations are underlined.

This Court has dismissed complaints under similar circumstances. In *De La Vega*, plaintiff's complaint was dismissed because of a failure to explain and allege a single claim limitation. 2020 WL 3528411, at *6-7. Defendant Google argued that "Plaintiff fails to allege

how the 'coupling' step is met." *Id.*, at *6.  This Court agreed, and found that "Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted."  *Id.* (finding the complaint deficient despite plaintiff "present[ing] three screenshots of evidence" because the complaint did not "explain[] how that evidence shows that Google (and/or a third-party) performs the 'coupling' step.").  The situation here is far worse as Scorpcast has failed to provide a screenshot or any evidence of the operation of the accused websites and, for a large number of claim elements, it has not explained how those elements are performed by MG Freesites (and/or by a third-party).

Further, this is the type of case where the law generally requires a plaintiff to provide ***more*** detail in its complaint, not less.  Scorpcast does not limit the number of asserted claims (alleging "at least" the asserted claims are infringed), putting nearly 200 claims potentially at issue.  The patent claims involve computer software and six of the eight patent specifications are over 50 columns long.  And Scorpcast alleges that the claimed inventions "are not limited to well-understood, routine, or conventional activity" (Dkt. 1 at ¶¶ 140, 159, 173, 187, 201, 215, 229, and 244).  *See K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013) ("The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities."); *Joao Control & Control Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) (same); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *13 (E.D. Tex. July 27, 2012) ("[C]ases involving 'more nebulous, less tangible inventions such as computer software methods' may require a higher degree of specificity to provide proper notice to the defendant.").

Because Scorpcast fails to include factual allegations for each and every claim element, it has not sufficiently pled direct infringement and, respectfully, its allegations should be dismissed.

### 3. Scorpcast's direct infringement allegations based on an "offer to sell" should be dismissed as an advertisement is not an offer to sell

Scorpcast makes an additional claim of direct infringement based on offering to sell and selling subscriptions to third-party websites: "Defendant also infringes at least claim 9 of the '063 Patent by offering to sell and selling subscriptions and access to Content Partner and artist interactive videos, such as those described in the Section 'Offers For Sale of Interactive Pornography.'" Dkt. 1 at ¶¶ 143; *see also id.* at ¶¶ 114, 118-130 (alleging offers to sell subscriptions), 142, 161, 175, 189, 203, 217, 231, and 246.

First, an advertisement is not legally considered an offer to sell. *Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1028 (Fed. Cir. 2016) ("advertisements are not considered offers for sale, but are instead merely solicitations for offers" under contract law); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000) ("we similarly define § 271(a)'s 'offer to sell' liability according to the norms of traditional contractual analysis."). Second, advertising a subscription, even if it were an offer to sell, is not an infringement since Scorpcast purports to have a patent on the servers and programmatic code running a website, not a patent on a subscription to a website. 35 U.S.C. § 271(a) ("whoever without authority . . . offers to sell, or sells ***any patented invention***, within the United States" (emphasis added)); *Engate, Inc. v. Esquire Deposition Servs., LLC*, No. 1:01-cv-6204, 2003 WL 22117805, at *9 (N.D. Ill. Sept. 10, 2003) ("[W]e must consider whether the offer to sell covers what is patented; § 271(a) does not prohibit offers to sell generally, but only offers to sell *'a patented invention.'*" (emphasis in original)), *aff'd*, 208 F. App'x 946 (Fed. Cir. 2006).

For at least these reasons Scorpcast has not sufficiently pled direct infringement and,

respectfully, its allegations should be dismissed.

### B.  This Court Should Dismiss Scorpcast's Allegations of Indirect Infringement

#### 1.  Scorpcast's indirect infringement allegations should be dismissed for failing to identify which websites are accused of infringement

Federal Circuit law requires a complaint alleging patent infringement to accuse some specific product or service of the defendant.  *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (finding a complaint that specifically identified defendant's accused products sufficient).  As this Court has explained, "District courts have interpreted *Twombly*, *Iqbal*, and *Disc Disease* to require a patent infringement Plaintiff to identify an accused product by name in most cases such that the Defendant is on notice of what specific conduct is alleged to constitute infringement."  *Estech*, 2020 WL 6324321, at *2 (citation omitted).

Here, Scorpcast makes the same boilerplate allegation for each Asserted Patent, accusing MG Freesites of indirect infringement with respect to unspecified "accused systems, methods, and/or services" and "Accused Instrumentalities" (which, despite its capitalization, is never defined in the Complaint):

> Defendant has also indirectly infringed the [Asserted Patent] by inducing others to directly infringe the [Asserted Patent]. Defendant has induced users, including Defendant's customers, to directly infringe the [Asserted Patent] (literally and/or under the doctrine of equivalents) by using the accused systems, methods, and/or services. Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to make or use the Accused Instrumentalities in a manner that infringes one or more claims of the [Asserted Patent], including, for example, [Asserted Claim] of the [Asserted Patent]. Such steps by Defendant included, among other things, advising, encouraging, or directing personnel, contractors, or suppliers to use the accused services in an infringing manner; and/or distributing instructions that guide personnel, contractors, or suppliers to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the [Asserted Patent] and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the

[Asserted Patent]. Defendant's inducement is ongoing.

Dkt. 1 at ¶¶ 151, 165, 179, 193, 207, 221, 236, and 250 (emphasis added).

These allegations are impermissibly vague and provide no notice to MG Freesites as to what systems or instrumentalities are accused of infringement or what MG Freesites is alleged to have done that purportedly indirectly infringes the Asserted Patents.  And as the Federal Circuit has made clear, "It is not enough to say 'you infringe my patent.'"  *Addiction & Detoxification*, 620 F. App'x at 937; *see also Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018) (finding a complaint that did not identify the accused product failed to state a claim for direct infringement); *Estech*, 2020 WL 6324321, at *3 (same); *i2 Techs., Inc. v. Oracle Corp.*, No. 6:09-cv-194, 2010 WL 8669837, at *3 (E.D. Tex. Mar. 29, 2010) (dismissing as insufficient a complaint that failed to identify any accused products or services).  Respectfully, Scorpcast's indirect infringement allegations should be dismissed or, in the alternative, Scorpcast should be ordered to amend its Complaint.  *Estech*, 2020 WL 6324321, at *3 (finding that "Plaintiff's complaint is unclear and ambiguous [and the] statement claiming infringement fails to reasonably inform Defendant as to what devices or practices, if any, are accused of infringement" but granting leave to amend).

## 2. Scorpcast's indirect infringement allegations should be dismissed for failing to sufficiently plead direct infringement by a third-party

"[W]here there has been no direct infringement, there can be no inducement of infringement."  *Limelight*, 572 U.S. at 922.  For induced infringement, Scorpcast makes the same allegation for each Asserted Patent regarding who is the third-party direct infringer and what acts the third-party allegedly committed that directly infringes: Defendant's customers "directly infringe the [Asserted Patent] (literally and/or under the doctrine of equivalents) by <u>using</u> the accused systems, methods, and/or services."  Dkt. 1 at ¶¶ 151, 165, 179, 193, 207, 221, 236, and 250 (emphasis added).  Thus, Scorpcast's theory of induced infringement is premised on the

allegation that a "use" of the accused systems, methods, and/or services by MG Freesites' customers is a direct infringement of the Asserted Patents.[3]

But the Complaint is devoid of any allegation supporting a claim of direct infringement through a "use." The asserted claims are all system or apparatus claims. An infringing "use" of a system or apparatus claim requires that each and every element of the system or apparatus be used. *Centillion*, 631 F.3d at 1284 ("direct infringement by 'use' of a system claim 'requires a party . . . to use each and every . . . element of a claimed [system].'"); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378, 1380 (Fed. Cir. 2007) ("Direct infringement requires a party to perform or use each and every step or element of a claimed method or product."), *overruled on other grounds by Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012).

The Complaint does not identify any "customer" that allegedly directly infringes by "using" the asserted claims. Is it a user of a website operated by MG Freesites, a content partner of MG Freesites, or perhaps some other third-party? The identity is important as presumably the manner by which each would allegedly directly infringe would differ. But it is of no matter. Scorpcast fails to allege that any third-party uses each and every element of the asserted claims.

The asserted claims for the Tagging Patents (claim 9 of the '063 Patent, claim 11 of the '463 Patent, claim 1 of the '519 Patent, claim 1 of the '987 Patent, claim 1 of the '278 Patent, and claim 1 of the '738 Patent) are long and contain many software elements (which exacerbates and highlights the deficiencies here). The software elements purportedly recite uploading a video, tagging the video, storing the tags, viewing the video, causing the tags to be presented, and

---

[3] Scorpcast also alleges that "Defendant took active steps . . . with the specific intent to cause [Defendant's customers] to <u>make</u> or use the Accused Instrumentalities." Dkt. 1 at ¶¶ 151, 165, 179, 193, 207, 221, 236, and 250 (emphasis added). Scorpcast provides no allegation that MG Freesites' customers make anything, let alone the Accused Instrumentalities (whatever they may be), and such an allegation would be nonsensical in the context of Scorpcast's Complaint.

selecting the tags (*See* Dkt. 1 at ¶ 15), but there is no allegation that a single party uses each and every one of these elements.  For example:

- Scorpcast only alleges that content partners or artists upload a video.  *See, e.g.*, *id.* at ¶ 39 ("Content Partners can upload videos . . . .") and ¶ 66 ("Artists can upload videos . . .);

- Scorpcast only alleges that content partners or artists tag the video.  *See, e.g.*, *id.* at ¶ 106 ("Defendant provides action tags as part of their system and encourages Content Partner and artists to use them . . . .");

- Scorpcast only alleges that users view the video.  *See, e.g.*, *id.* at ¶ 96 ("Defendant's Video Player bar allows a user to drag along the bar to move to a particular point in a video.");

- Scorpcast does not allege who causes the tags to be presented, instead choosing to use the passive voice repeatedly.  *See, e.g.*, *id.* at ¶100 ("The action tags are presented in the playback area of the video player . . . ."); *see also id.* at ¶¶ 101 ("Action tags may appear . . . ."), 103 ("Action tags can also be made to appear . . . ."), and 104 ("[T]he action tags can appear . . . ."); and

- Scorpcast only alleges that viewers can select the tags.  *See, e.g.*, *id.* at ¶ 102 ("Instead of only moving the action along with the video player bar, the viewer can navigate directly to the desired portion of the video using the action tag.").

As can be seen, Scorpcast never alleges that a single party is responsible for using each and every element of the asserted claims of the Tagging Patents.  On the one hand, Scorpcast alleges that content partners and artists upload and tag videos (but does not allege they view videos, cause tags to be presented, or select tags).  While on the other hand, Scorpcast alleges that viewers and users view videos and select the tags (but does not allege they upload or tag videos).  And even if Scorpcast contends it has alleged that the viewers and users cause the tags to be presented, it would change nothing—Scorpcast has still not alleged that the viewers and users upload and tag videos.

For the asserted claims of the Apportioning Patents (claim 2 of the '057 Patent and claim 1 of the '288 Patent), there is no allegation that a third-party performs any of claim elements.  And it is unclear how a third-party could be alleged to perform elements such as, for example, "presenting a revenue participation offer . . ." and "apportioning revenue to said author . . ." (from

16

claim 2 of the '057 Patent) or "based at least in part on the availability of at least one service and the first predetermined threshold being met . . ." and "at least partly in response to acceptance of the first offer online and offline services . . . " (from claim 1 of the '288 Patent).

Scorpcast is required to identify a direct infringer and allege how that third-party infringes the Asserted Patents. *Limelight*, 572 U.S. at 922; *Techno View IP, Inc. v. Sony Interactive Entm't LLC*, No. SACV 17-01268-CJC (JCGx), 2018 WL 3031518, at *6 n.9 (C.D. Cal. Apr. 18, 2018) ("Plaintiff must plausibly allege direct infringement under Section 271(a) to plausibly allege induced infringement."). Because Scorpcast has failed to do so, its indirect infringement allegations should, respectfully, be dismissed.

### 3. Scorpcast's pre-suit indirect infringement allegations should be dismissed for failing to sufficiently plead pre-suit knowledge of the Asserted Patents

A claim for induced infringement requires pleading the defendant had knowledge of the patent. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" (quoting *Global-Tech*, 563 U.S. at 766)). Scorpcast alleges MG Freesites has had "knowledge of the [Asserted Patent] <u>at least</u> as of the date when it was notified of the filing of this action." Dkt. 1 at ¶¶ 152, 166, 180, 194, 208, 222, 237, and 251 (emphasis added). No factual allegation is made that MG Freesites had knowledge of the Asserted Patents pre-suit. While the knowledge requirement can be met by properly pleading willful blindness (*Global-Tech*, 563 U.S. at 766-68), Scorpcast's allegations regarding willful blindness are insufficient boilerplate and contain no factual allegations.

Allegations of willful blindness stemming from a "policy or practice of not reviewing the patents of others" (Dkt. 1 at ¶¶ 153, 167, 181, 195, 209, 223, 238, and 252) have been found to be insufficient by this Court. *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, 2019 WL

11025759, at *1 (W.D. Tex. Aug. 6, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."); *see also Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466-JRG-RSP, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016) ("[Defendant]'s policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.' The Court finds that more must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'" (citation omitted)), *report and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016). Accordingly, the Complaint cannot support pre-suit indirect infringement and, respectfully, Scorpcast's allegations should be dismissed.

### C. This Court Should Dismiss Scorpcast's Allegations of Willful Infringement

#### 1. Scorpcast's pre-suit willful infringement allegations should be dismissed for failing to sufficiently plead pre-suit knowledge of the Asserted Patents

The only allegation that MG Freesites had pre-suit knowledge of the Asserted Patents is premised on an accusation of willful blindness. *See* Dkt. 1 at ¶¶ 153, 167, 181, 195, 209, 223, 238, and 252. First, MG Freesites is unaware of any Court finding that willful blindness can support an allegation of willful infringement. *See, e.g.*, *Nonend Inventions*, 2016 WL 1253740, at *2-3 (declining to address whether willful blindness can serve as a substitute for actual knowledge in a willful infringement allegation). Second, Scorpcast does not allege **any** facts backing this allegation and such boilerplate language cannot support willful blindness. *VLSI Tech.*, 2019 WL 11025759, at *1 (policy of not reviewing the patents of others "insufficient to meet the test of willful blindness"); *Inhale*, 2018 WL 7324886, at *3; *Nonend*, 2016 WL 1253740, at *3; *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018). Respectfully, Scorpcast's pre-suit willful infringement allegations should be dismissed.

### 2. Scorpcast's post-suit willful infringement allegations should be dismissed for failing to sufficiently plead direct infringement

Scorpcast's post-suit willful infringement allegations also fail as the Complaint does not allege facts sufficient to state a plausible claim for direct infringement.  *See Meetrix IP*, 2018 WL 8261315, at *3 (dismissing willful infringement claim in its entirety because the complaint failed to plead "'factual content'" (citing *Iqbal*, 556 U.S. at 678)); *T-Rex Prop. AB v. Regal Entm't Grp.*, No. 6:16-cv-927-RWS-KNM, 2017 WL 4229372, at *10 (E.D. Tex. Aug. 31, 2017) ("Plaintiff states a plausible claim for post-suit willful infringement [when the] Complaint . . . alleges facts sufficient to state a plausible claim for direct infringement . . . .").  Respectfully, Scorpcast's post-suit willful infringement allegations should be dismissed.

### D. Scorpcast's Indirect and Willful Infringement Allegations Cannot be Supported by Empty Boilerplate Language

Scorpcast's attorneys have filed dozens of complaints before this Court and before Judge Gilstrap in the Eastern District of Texas.  *See* Case Nos. 2:20-cv-00122-124, 126-128, 143, 192-193, 195-210, 276-278, and 311; 6:20-cv-00320-322, 773-774, and 776-778.  Each complaint, with no regard to the fact that each is against a different entity, has the same boilerplate language alleging indirect and willful infringement.  *Compare, e.g.*, Dkt. 1 at ¶¶ 151-156, *with Estech Sys., Inc. v. Oliver Street Dermatology Mgmt., LLC*, No. 2:20-cv-00311, Dkt. 1 (E.D. Tex. Sept. 21, 2020) at ¶¶ 28, 30-34.  A complaint must be plausible.  *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (a "plaintiff alleging a cause of action for willful infringement must **plead facts** giving rise to at least a showing of objective recklessness of the infringement risk."  (emphasis added) (quotation and internal quotation marks omitted)); *In re Bill of Lading*, 681 F.3d at 1339 ("To survive Appellees' motion to dismiss, therefore, [Plaintiff's] amended complaints must **contain facts** plausibly showing that Appellees specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted

19

infringement." (emphasis added)). That Scorpcast's attorneys are using the same empty language in dozens of different complaints against completely different entities shows that the language is meaningless boilerplate. A court need not blindly accept each and every allegation of fact. Properly pleaded allegations of fact amount to more than just "conclusory allegations or legal conclusions masquerading as factual conclusions." *Taylor v. Books A Million, Inc.*, 296 F. 3d 376, 378 (5th Cir. 2002) (citation omitted); *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The Complaint here does not plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary claims or elements and Scorpcast's indirect and willful infringement allegations should respectfully be dismissed. *Twombly*, 550 U.S. at 556.

### E. If the Court Is Not Inclined to Dismiss Scorpcast's Complaint, Scorpcast Should be Ordered to Provide a More Definite Statement Under Rule 12(e)

Scorpcast's Complaint is impermissibly vague and does not put MG Freesites on notice of what it must defend. Therefore, MG Freesites is at a loss. MG Freesites believes that Scorpcast's allegations of patent infringement are not well-pled, are implausible, and should be dismissed. But if the Court is not inclined to dismiss the Complaint outright, Scorpcast should instead be ordered under Rule 12(e) to provide a more definite statement to rectify its unclear Complaint and provide a more detailed, amended complaint that discloses its actual infringement theories so that MG Freesites can reasonably respond. *See, e.g.*, *Swierkiewicz*, 534 U.S. at 514; *Estech*, 2020 WL 6324321, at *3; *i2 Techs.*, 2010 WL 8669837, at *3; *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 361-74 (S.D. Tex. 2011).

## IV.   CONCLUSION

For the foregoing reasons, Scorpcast's direct, indirect, and willful infringement allegations should, respectfully, be dismissed in their entirety under Rule 12(b)(6) or, in the alternative, Scorpcast should be ordered to provide a more definite statement under Rule 12(e).

Dated: November 25,2020                        Respectfully submitted,

                                               */s/ Melissa R. Smith*
                                               Frank M. Gasparo
                                               State Bar No. 2939833
                                               Christopher M. Gerson
                                               (*Pro Hac Vice Pending*)
                                               VENABLE LLP
                                               1270 Avenue of the Americas, 24th Floor
                                               New York, NY 10020
                                               Phone: 212-307-5500
                                               Facsimile: 212-307-5598
                                               fmgasparo@venable.com
                                               cmgerson@venable.com

                                               Jonathan M. Sharret
                                               (*Pro Hac Vice Pending*)
                                               VENABLE LLP
                                               1290 Avenue of the Americas, 20th Floor
                                               New York, NY10104
                                               Phone: 212.218.2100
                                               Facsimile: 212.218.2200
                                               jmsharret@venable.com

                                               JaeWon Lee
                                               (*Pro Hac Vice Pending*)
                                               VENABLE LLP
                                               2049 Century Park East, Suite 2300
                                               Los Angeles, California 90067
                                               Phone: 310.229.9900
                                               Facsimile: 310.229.9901
                                               jlee@venable.com

                                               Melissa R. Smith
                                               State Bar No. 24001351
                                               GILLAM & SMITH, LLP
                                               303 South Washington Avenue
                                               Marshall, Texas 75670
                                               Phone: 903.934.8450
                                               Facsimile: 903.934.9257
                                               melissa@gillamsmithlaw.com

                                               *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 25th day of November, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*
Melissa R. Smith