# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **SCORPCAST, LLC dba HAULSTARS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **W-20-CV-00877-ADA** |
| | § | |
| **MG FREESITES, LTD.,** | § | |
| *Defendant.* | § | |
| | § | |

## <u>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER</u>

Before the Court is Defendant MG Freesites, LTD's ("Freesites") Opposed Motion to Transfer (ECF No. 21), Plaintiff Scorpcast, LLC's dba HaulStars ("Scorpcast") Response (ECF No. 48), and Defendant's Reply (ECF No. 53). After having reviewed the parties' briefs, case files, and applicable law, the Court has determined that Defendant's Motion to Transfer should be **GRANTED**.

## Background

Scorpcast filed this action on September 9, 2020, pursuant to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ECF No. 1. Plaintiffs allege patent infringement claims against Freesites relating to eight U.S. Patents, Nos. 9,899,063; 8,597,057; 9,703,463; 9,832,519; 10,205,987; 10,354,288; 10,506,278; 10,560,738. *Id.* at 5-6.

On January 22, 2021, Freesites filed an opposed Motion to Transfer under 28 U.S.C. § 1404 and the "first-filed" rule. Defendant's Opposed Mot. to Transfer to the District of Delaware (hereinafter "Mot. to Transfer"), ECF No. 21. In Freesites' Mot. to Transfer, Freesites argues transfer to the District of Delaware is proper because: (1) there is a previously filed action in the District of Delaware, and 2) the convenience of the parties and interests of justice weigh in favor of transfer. *Id.* at 4–11. On June 4, 2021, Scorpcast filed a response to Freesites's Motion. Pls.'

Resp. in Opp'n to Defs.' Mot. to Transfer Venue. (hereinafter "Resp."), ECF No. 48. On June 11, 2021, Freesites filed a reply. Def's. Reply in Supp. of Def's. Mot. to Transfer to the District of Delaware Under 28 U.S.C. § 1404(a) (hereinafter "Reply"), ECF No. 53.

**Legal Standard**

The Court applies Fifth Circuit precedent to a procedural, non-patent issue. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013); *Valeo, Inc. v. Federal-Mogul Corp.*, EP-13-CV-115-PRM, 2013 U.S. Dist. LEXIS 18767, at *5, n.1 (W.D. Tex. Oct. 17, 2013). The Fifth Circuit follows the "first-to-file" rule which determines how a court decides the merits of substantially similar issues in separately filed cases. *Sutter Corp. v. P & P Indus., Inc.,* 125 F.3d 914, 920 (5th Cir. 1997). The first-to-file rule dictates that the court in which an action is first filed should determine whether subsequently filed cases involving substantially similar issues should proceed. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("in the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."). The first-to-file rule also provides that the first-filed court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated. *Id.* When related cases are pending before two federal courts, the court in which the case was last filed may refuse jurisdiction if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Save Power*, 121 F.3d at 950; *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir. 1985)). The second court only determines if a likelihood of substantial overlap of issues between the two suits has been demonstrated. *Mann Mfg.*, 439 F.2d at 408. The first filed court resolves the question of whether both suits should proceed. *Id.* The rule rests on principles of comity and sound judicial administration. *See Save Power,* 121 F.3d at 950; *West Gulf,* 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication,

to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf,* 751 F.2d at 729.

When considering whether a later-filed case should be dismissed or transferred, "[t]he crucial inquiry is one of 'substantial overlap'" between the cases. *Save Power*, 121 F.3d at 950 (quoting *Mann Mfg.*, 439 F.2d at 408). The cases do not have to be identical for the first-to-file rule to be applicable. *Id.* When the overlap between the two cases is not complete, the Court will consider factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage and interest of each forum in resolving the dispute." *Save Power*, 121 F.3d at 951 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus, Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). "In patent cases, courts determining whether cases were substantially similar have examined whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-CV-907, 2016 WL 7743496, at *3 (E.D. Tex. July 1, 2016).

The Court must determine if there are "sufficiently compelling circumstances to avoid the first-filed rule's application." *Mann Mfg.*, 439 F.2d at 407. The *Volkswagen* convenience factors for a motion to transfer venue can be utilized to determine if compelling circumstances exist that warrant not applying the first-to-file rule. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602–03 (5th Cir. 1983).. The burden to demonstrate these compelling circumstances in order to avoid the first-filed rule is on the filer of the second-filed suit. *Datamize, Inc. v. Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004).

## Discussion

On July 28, 2020, Freesites filed its complaint in Delaware (the "Delaware Action") against Scorpcast, seeking a declaratory judgment that the Pornhub website operated by Freesites does not infringe Scorpcast's U.S. Patent No. 9,965,780 ("the '780 patent"). Freesites brought the Delaware

Action after Scorpcast filed eighteen complaints in the Eastern District of Texas accusing Freesites' content partners of infringing the '780 patent through its use of the Pornhub website.

On September 28, 2020, Scorpcast moved to dismiss the Delaware action based on the alleged absence of an "actual controversy" and filed this case, alleging that Freesites infringes eight patents through its operation of Pornhub and related websites. On May 20, 2021, Judge Colm F. Connolly denied Scorpcast's motions to dismiss or transfer in the alternative. ECF No. 47.

In its motion, Freesites focuses its arguments on both the application of the first-to-file rule and eight areas of substantial overlap between this case and the Delaware Action. Mot. to Transfer at 4-9. These eight areas of overlap are: (1) the patent technology, (2) the patent families, (3) the parties, (4) the accused products, (5) claim terms, (6) the patent specifications, (7) infringement issues, and (8) witnesses will. *Id.*

In its response, Scorpcast counters by arguing that the first-to-file rule does not apply here because the filing of the Delaware Action was merely an attempt at forum shopping. Resp. at 6. Scorpcast claims Freesites filed the Delaware Action in anticipation of a patent infringement suit based on Scorpcast's earlier-filed actions in the Eastern District of Texas against content partners of Freesites. *Id.* at 7. Scorpcast thus argues that the actual first-filed controversy was in the Eastern District of Texas, not Delaware. *Id.*

Scorpcast further argues that even if this Court believes the first-filed rule applies, there is no substantial overlap to warrant transfer. *Id.* at 8. Scorpcast states that the patents here are different from the patents at issue in the Delaware case, even though six of the patents here are from the same patent family. *Id.* Furthermore, Scorpcast argues the parties and the infringing accused products do not fully overlap as Freesites claim as the Delaware Action involves each of Freesites content parties and it seeks a judgment only for the Pornhub website, not the network at issue here. *Id.* at 9. Lastly, Scorpcast claims that Freesites has not shown any identified witnesses overlap between this case and

the Delaware Action. *Id.* at 10.

In its reply, Freesites points out that the Delaware Court rejected Scorpcast's argument that the first-to-file rule does not apply here and again emphasizes the substantial overlap between the Delaware Action and the case here. Reply at 1-4. Furthermore, Freesites argues Scorpcast does not differentiate between the '780 patent at issue in the Delaware Action and six of the eight "family member patents" involved in this case. *Id.*

In light of both the recent developments in the Delaware Action and the substantial overlap between cases, this Court agrees this case must be transferred to the District of Delaware.

In denying Scorpcast's motion to dismiss or in the alternative to transfer, the Delaware Court made clear that the action remained pending in that Court. This Court must allow the Court that initially seized of a controversy to adjudicate it. *Mann MFG., Inc.*, 439 F.2d at 407.

To demonstrate substantial overlap, the two cases may have the same parties and accused products, and the patents asserted in the first-filed case and later-filed cases may be related and/or directed to similar subject matter. *SIPCO, LLC*, No. 6:15-CV-907, 2016 WL 7743496, at *3. Here, the parties are identical in the Delaware Action and this case, and the accused products in each both involve the Pornhub website. ECF No. 1; *MG Freesites Ltd. v. Scorpcast, LLC dba HaulStars*, No. 20-11012-CFC (D. Del.). As well, the patent technology language of the '780 patent and the eight asserted patents here are nearly identical. Mot. to Transfer at 5. Furthermore, six of the eight patents at issue here share a priority claim with the '780 patent and the other two of the eight relate to the same subject matter as the '780 patent. *Id.* at 5-6. The patent specifications also significantly overlap as the '780 patent "DETAILED DESCRIPTION OF PREFERRED EMBODIMENTS" share more than 15,000 words with the six related patents mentioned above. *Id.* at 8. It would be improper for this Court to simply ignore such a high degree of overlap between this case and the Delaware Action.

While there is an exception to the first-filed rule, the burden rests on Scorpcast to show there

is a compelling reason to retain the case in the Western District of Texas ("WDTX"). *Datamize, Inc.*, 2004 WL 1683171, at *7. Here, Scorpcast utilizes the *Volkswagen* convenience factors in arguing there is a compelling reason. Resp. at 10-11. Scorpcast argues that the "ease of access to the sources of proof factor," "the cost of attendance of witnesses," and the "local interest in having local interests decided at home" factor weigh in favor of retaining the case in the WDTX. *Id.* The Court disagrees.

The "ease of access to the sources of proof clearly favors Delaware as Freesites is the accused infringer and will likely have the bulk of the documents relevant in this case, which reside in Montreal. Mot. to Transfer at 10; Reply at 4. The "cost of attendance of witnesses" factor slightly favors Delaware since there are a multitude of potential witnesses, including the patent inventors, who reside in or around Montreal while there is only one identified potential witness who lives in San Antonio, Texas. *Id.*; Resp. at 11. The "localized interest" factor clearly favors Delaware since Scorpcast is incorporated in Delaware, and Delaware has an interest in adjudicating the previous-filed Delaware Action. Mot. to Transfer at 11. Furthermore, there is no precedent for a state's local interest to be determined based on website visitors like Scorpcast claims. Reply at 6. Therefore, since the balance of the *Volkswagen* factors do not favor retaining the case in the Western District of Texas, Scorpcast fails to provide a clearly compelling reason to avoid the use of the first-filed rule.

## Conclusion

In transferring this case to the first-filed District Court in Delaware, this Court is avoiding the likelihood of inconsistent and conflicting rulings and attempting to preserve judicial economy. Furthermore, the exception to the first-filed rule does not apply here as Scorpcast did not demonstrate that there is a clearly more compelling reason to retain this case in the Western District of Texas.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer (ECF No. 27) is **GRANTED**. It is further **ORDERED** that the Clerk of the Court **TRANSFER** this case to the District of Delaware.

**SIGNED** this 21st day of June 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE